**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| BRANDON CHRISTOPHER RAGLAND,<br><br>               Petitioner,<br>   v.<br><br>BRIAN WILLIAMS, et al.,<br><br>               Respondents. | Case No. 2:15-cv-02104-APG-GWF<br><br>**ORDER** |

This *pro se* habeas matter under 28 U.S.C. § 2254 is before the court on respondents' motion to dismiss in part the petition brought by Brandon Christopher Ragland (ECF No. 14). Ragland opposed (ECF No. 46), and respondents replied (ECF No. 47).

I.    **Procedural History and Background**

On April 30, 2013, a jury convicted Ragland of possession of a firearm by an ex-felon (exhibit 35).[1] The state district court adjudicated Ragland a habitual criminal under the small habitual criminal statute and sentenced Ragland to 60-150 months, with 182 days credit for time served. Exh. 42. The judgment of conviction was filed on November 12, 2013. *Id.* The Nevada Supreme Court affirmed Ragland's conviction on April 10, 2014, and remittitur issued on May 5, 2014. Exhs. 48, 49.

On May 12, 2014, Ragland filed a proper person state postconviction habeas corpus petition. Exhs. 50, 54. The state district court denied the petition on September 22,

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 14, and are found at ECF Nos. 15-45.

2014.  Exh. 56.  The Nevada Court of Appeals affirmed the denial of the petition on February 4, 2015.  Nevada Court of Appeals Case No. 66646.[2]  Remittitur issued on October 14, 2015.  Exh. 68.

On October 28, 2015, Ragland dispatched his federal habeas petition for filing (ECF No. 6).  Now before the court is respondents' motion to dismiss the petition in part (ECF No. 14).

## II.    Legal Standards & Analysis

### a.  Procedural Default

Respondents argue that grounds 2, 4, 6, 7 and 8 are procedurally barred (ECF No. 14, pp. 7-8).  Generally, "a state prisoner's failure to comply with the state's procedural requirements in presenting his claims bar him or her from obtaining a writ of habeas corpus in federal court under the adequate and independent state ground doctrine." *Schneider v. McDaniel*, 674 F.3d 1144, 1152 (9th Cir.2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)).  A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).  The *Coleman* Court stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own

---

[2] Respondents—in all likelihood, inadvertently—have not filed the order of affirmance.  However, this court takes judicial notice of the docket of the Nevada Court of Appeals.

mistakes is respected in all federal habeas cases.  *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir.2003).

For the procedural default doctrine to apply, "a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default."  *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir.1994).  *See also Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir.1996).

In the instant federal petition, Ragland contends in ground 2 that the prosecution improperly influenced the grand jury with evidence of prior bad acts in obtaining his indictment (ECF No. 6, p. 7).  As ground 4, Ragland claims that the trial court violated his Fourteenth Amendment due process rights when it erroneously instructed the jury on the definition of ex-felon in possession of a firearm.  *Id.* at 14-15.  He argues in ground 6 that the trial court failed to evaluate the issue of *corpus delicti* under NRS 34.810(1)(b)(2) in violation of his Fourteenth Amendment due process rights.  *Id.* at 24. Ragland asserts in ground 7 that the prosecutors' misconduct in manipulating jury instructions, using evidence of uncharged bad acts, and presenting the State's impression of the evidence during closing arguments violated his due process rights. *Id.* at 26-27.  As ground 8 Ragland contends that several district court errors—including erroneously approving a DNA warrant and not allowing Ragland's witnesses to testify at the suppression hearing—violated his Fourteenth Amendment due process rights.  *Id.* at 29.

On direct appeal, Ragland raised the following: he claimed that the firearm was seized during a search of his vehicle that violated the Fourth Amendments of the U.S. Constitution and the Nevada Constitution; that the state district court erred by denying the defense motion to suppress; and that the district court erred by failing to give the Las Vegas Police Department's incident log report the weight of evidence it was entitled to as an official police document being properly declared.  Exh. 44, p. 6.

In his state postconviction habeas petition, Ragland for the first time raised claims that correspond to federal grounds 2, 4, 6, 7, and 8. The Nevada Court of Appeals affirmed the denial of these claims in Ragland's state postconviction petition as procedurally barred because they could have been raised in his direct appeal. Nevada Court of Appeals Case No. 66646; NRS 34.810(1)(b). Petitioner bears the burden of proving good cause for his failure to present the claim and actual prejudice. NRS 34.810(3). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case – NRS 34.810 – is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Therefore, the Nevada Court of Appeal's determination that federal grounds 2, 4, 6, 7, and 8 were procedurally barred under NRS 34.810(1)(b) was an independent and adequate ground to affirm the denial of those claims in the state petition.

In his opposition to the motion to dismiss, Ragland essentially argues that grounds 2 and 4 are meritorious. However, he has failed to demonstrate cause and prejudice to excuse his default (*see* ECF No. 46). Accordingly, grounds 2, 4, 6, 7 and 8 are procedurally barred from federal review.

### b. **Fourth Amendment Claims and *Stone v. Powell***

Independent, substantive Fourth Amendment claims are generally barred from federal habeas review. In *Stone v. Powell*, the United States Supreme Court held that allegations of violations of a petitioner's Fourth Amendment rights are not cognizable in federal habeas corpus actions provided that the petitioner has a "full and fair" opportunity to litigate these claims in state court. *Stone v. Powell*, 428 U.S. 465, 481 (1976); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). To be eligible for habeas relief on Fourth Amendment claims, a petitioner must demonstrate that the state court has not afforded him a full and fair hearing on those claims. *Stone*, 428 U.S. at 494 n.37.

4

In ground 1 of the federal petition, Ragland argues that his Fourth Amendment right to be free from unreasonable search was violated because police made false statements in order to obtain the warrant to search his vehicle, and generally misrepresented the facts with respect to their seizure of the firearm in Ragland's vehicle (ECF No. 6, pp. 3-5). This claim is clearly barred from federal habeas review under *Stone*. A petitioner must merely be afforded the *opportunity* to litigate Fourth Amendment claims in state court. *See Gordon v. Duran*, 895 F.2d 610, 613-614 (9th Cir. 1990). The court notes that here, in fact, the record reflects that Ragland availed himself of the opportunity and rigorously litigated the Fourth Amendment issues. Through counsel he filed a pretrial motion to suppress the evidence. Exh. 5. The state district court conducted an evidentiary hearing on the motion and denied the motion at the conclusion of the hearing. Exh. 17. He raised his Fourth Amendment arguments on direct appeal. Exh. 44. In affirming the conviction, the Nevada Supreme Court concluded that the search was lawfully conducted pursuant to a valid search warrant and that the district court did not err by denying Ragland's motion to suppress. Exh. 48. Accordingly, ground 1 is dismissed as noncognizable in federal habeas.

### III.     Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 14) is **GRANTED** as follows:

Grounds 2, 4, 6, 7, and 8 are dismissed as procedurally barred.

Ground 1 is dismissed as noncognizable.

**IT IS FURTHER ORDERED** that respondents' motion to extend time to file a response to the petition (ECF No. 13) is **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** to file an answer to the petition.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** after the date of service of the answer in which to file the reply in support of the petition.

DATED: 20 June 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE